ELECTIONS In light of the recent United States Supreme Court decision of the case of First National Bank of Boston et al v. Bellotti, Attorney General of Massachusetts, et al. _____ U.S. _____, 55 L.Ed.2d 707 (46 U.S.L.W. 4371, 1978), Corporation chartered or domesticated under the laws of the State of Oklahoma may make contributions in case or kind for or against the passage of a state question appearing on the ballot by referenda or initiative petition. That portion, and only that portion, of Title 70 O.S. 15-110 [70-15-110] (1977), which prohibits corporate contributions for or against a state question is unconstitutional under the First and Fourteenth Amendments to the United States Constitution. Similarly, Article IX, Section 40, Oklahoma Constitution, is interpreted as not prohibiting corporate contributions for or against the passage of state questions appearing on the ballot by referenda or initiation petition. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: In light of the recent U.S. Supreme Court decision in the case of First National Bank of Boston, et al. v. Bellotti, Attorney General of Massachusetts, et al., _____ U.S. _____,55 L.Ed. 2d 707, (46 U.S.L.W. 4371, April 26, 1978), may corporations chartered or domesticated under the laws of the State of Oklahoma make contribution in cash or kind for or against the passage of a state question appearing on the ballot by referenda or initiative petition? The Oklahoma Constitution provides, at Article IX, Section 40: "No corporation organized or doing business in this state shall be permitted to influence elections or official duty by contributions of money or anything of value." In keeping with the above-quoted general constitutional prohibition, Title 26 O.S. 15-110 [26-15-110] (1977) provides: "Corporate contributions prohibited. No corporation chartered under the laws of this state, or foreign corporation admitted to do business in this state, shall contribute to any campaign fund for or against a state question, or any campaign fund of any political party of this state or to any other person for the benefit of such party or its candidates, nor shall they, through any agent, officer, representative, employee, attorney, or any other person or persons, so contribute. Nor shall any such corporations, except a banking corporation in this state, directly or through such other person, make any loan of money or anything of value, or give or furnish any privilege, favor or other thing of value to any political party, or to any other person for it, or to any candidate upon the ticket of any political party. The provisions of this section shall apply to candidates as well as political parties. When any official, agent, attorney, or employee of a corporation has been shown to have violated the provisions of this section, it shall be presumed that he was acting for such corporation, and the burden shall be upon the accused corporation to show that such official, agent, attorney or employee was not acting for it or with its action." (Emphasis added) Your question basically addresses itself to the constitutionality of the above-quoted provisions (to the extent they prohibit corporate contributions for or against state questions) in light of the recent Bellotti decision. In the United States Supreme Court decision of First National Bank of Boston v. Bellotti, _____ U.S. _____, 46 L.W. 4371, decided April 26, 1978, the Court was called upon to determine the constitutionality of a Massachusetts state statute which prohibited campaign contributions by corporations. The Massachusetts statute, Mass. Gen. Laws Ann. ch. 55, 8 (West Supp. 1977-1978) provided: "No corporation carrying on the business of a bank, trust, surety, indemnity, safe deposit, insurance, railroad, street railway, telegraph, telephone, gas, electric light, heat, power, canal, aqueduct, or water company, no company having the right to take land by eminent domain or to exercise franchises in public ways, granted by the commonwealth or by any county, city or town, no trustee or trustees owning or holding the majority of the stock of such a corporation, no business corporation incorporated under the laws of or doing business in the commonwealth and no officer or agent acting in behalf of any corporation mentioned in this section, shall directly or indirectly give, pay, expend or contribute, or promise to give, pay, expend or contribute, any money or other valuable thing for the purpose of aiding, promoting or preventing the nomination or election of any person to public office, or aiding, promoting or antagonizing the interests of any political party, or influencing or affecting the vote on any question submitted to the voters, other than one materially affecting any of the property, business or assets of the corporation. No question submitted to the voters solely concerning the taxation of the income, property or transactions of individuals shall be deemed materially to affect the property, business or assets of the corporation. No person or persons, no political committee, and no person acting under the authority of a political committee, or in its behalf, shall solicit or receive from such corporation or such holders of stock any gift, payment, expenditure, contribution or promise to give, pay, expend or contribute for any such purpose. "Any corporation violating any provision of this section shall be punished by a fine of not more than fifty thousand dollars and any officer, director or agent of the corporation violating any provision thereof or authorizing such violation, . . . shall be punished by a fine of not more than ten thousand dollars or by imprisonment for not more than one year, or both." The appellants in this action challenged the above-quoted provision as being violative of appellant's freedom of speech as guaranteed by the First andFourteenth Amendments to the United States Constitution. The appellants, two national banking associations and three business corporations, desired to expend money to publicize their views on a proposed state constitutional amendment that was to be submitted to the voters as a ballot question at a general election. The Massachusetts Supreme Judicial Court had determined the state statute not unconstitutional based upon its determination that theFirst Amendment rights of a corporation were limited to issues that materially affected such corporation's business, property or assets, a qualification not applicable to the appellant's challenge. In the Bellotti case, supra, the United States Supreme Court in a five-four decision, reversed the judgment of the Massachusetts Supreme Judicial Court, thereby declaring the Massachusetts state statute, insofar as it prohibited corporate contributions on state questions, unconstitutional under the First andFourteenth Amendments. After reviewing the nature of the speech and expression prohibited by the statute, the free speech freedoms recognized in behalf of corporate entities and the asserted justifications for the legislatively imposed restriction, the Supreme Court concluded that the statute prohibited protected speech in a manner unjustified by any compelling state interest and must therefore be invalidated. The Supreme Court's ruling was clearly, considering the language of the opinion itself as well as the Court's further action on the Attorney General's Petition for Rehearing (denied June 26, 1978), limited to corporate contributions for or against state questions and left intact those portions of the statute prohibiting corporate contributions for or against candidates for political office. Having reviewed the Supreme Court's final opinion in the Bellotti case, supra, its legal reasoning and holding, and, having considered the applicability of that holding to our comparable statute, we are compelled to conclude that that portion of our state statute (70 O.S. 15-110 [70-15-110] (1977)) which prohibits corporate contributions for or against a state question is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and must be so declared. As in the Bellotti case, supra, we note that this conclusion is applicable only to that portion of our state statute prohibiting corporate contributions for or against a state question. All other provisions of our statute remain unaffected by this conclusion. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. In light of the recent United States Supreme Court decision of the case of First National Bank of Boston, et al. v. Bellotti, Attorney General of Massachusetts, et al., _____ U.S. _____,55 L.Ed.2d 707 (46 U.S.L.W. 4371, 1978), corporations chartered or domesticated under the laws of the State of Oklahoma may make contributions in cash or kind for or against the passage of a state question appearing on the ballot by referenda or initiative petition. That portion, and only that portion, of Title 70 O.S. 15-110 [70-15-110] (1977), which prohibits corporate contributions for or against a state question is unconstitutional under the First andFourteenth Amendments to the United States Constitution. Similarly, Article IX, Section 40, Oklahoma Constitution, is interpreted as not prohibiting corporate contributions for or against the passage of state questions appearing on the ballot by referenda or initiative petition. (R. THOMAS LAY) (ksg) ** SEE: OPINION NO. 79-206 (1979) ** ** SEE: OPINION NO. 80-068 (1980) ** ** SEE: OPINION NO. 80-272 (1980) ** ** NOTE: ABOVE IN ERROR — SEE: OPINION NO. 80-278 (1980) **